Maria Rosalva Morales PENA and Leydi Jazmin Morales Pena, Petitioners,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 08–71557.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Feb. 19, 2009.

Maria Rosalva Morales Pena, Nipomo, CA, pro se.

Leydi Jazmin Morales Pena, Nipomo, CA, pro se.

Kathleen Kelly Volkert, John Hogan, Senior Litigation Counsel, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: PREGERSON, McKEOWN and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

This is a petition for review from the Board of Immigration Appeals' ("BIA") denial of a motion to reopen immigration proceedings. We review the BIA's denial of a motion to reopen for abuse of discretion. *See Perez v. Mukasey,* 516 F.3d 770, 773 (9th Cir.2008).

An alien who is subject to a final order of removal is limited to filing one motion to reopen removal proceedings which must be filed within 90 days of the date of entry of a final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Because petitioners' motion to reopen was filed four months beyond the 90–day deadline, the BIA correctly found petitioners' motion untimely. *See id.*

Further, petitioners' claim for protection under the Convention Against Torture ("CAT") failed to present evidence of changed country conditions in Mexico that are material to petitioners and their circumstances. *See* 8 C.F.R. § 1003.2(c)(3)(ii). Because petitioners have failed to meet their burden of establishing a prima facie CAT claim to support reopening, the BIA did not abuse its discretion in denying the motion.

Accordingly, respondent's motion for summary denial of the petition for review is granted because the questions raised by this petition are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam).

All other pending motions are denied as moot. The temporary stay of removal confirmed by Ninth Circuit General Order 6.4(c) shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

PREGERSON, Circuit Judge, dissenting:

I dissent. This is but one of a multitude of similar sad cases by which our government's deportation of undocumented parents results in the deportation of their American-born citizen children, and effectively denies those children their birthrights. *See Cerrillo–Perez v. INS,* 809 F.2d 1419, 1426–27 (9th Cir.1987) (Requiring the government to conduct individual-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ized analyses of hardships to U.S. citizen children). Our government's conduct forces U.S. citizen children to accept de facto expulsion from their native land or give up their constitutionally protected right to remain with their parents. *See, e.g., Moore v. City of E. Cleveland,* 431 U.S. 494, 503–05, 97 S.Ct. 1932, 52 L.Ed.2d 531 (1977) (plurality opinion) ("Our decisions establish that the Constitution protects the sanctity of the family precisely because the institution of the family is deeply rooted in this Nation's history and tradition."); *Stanley v. Illinois,* 405 U.S. 645, 651, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972) (recognizing that "[t]he integrity of the family unit has found protection in the Due Process Clause of the Fourteenth Amendment").

To make matters worse, our Byzantine immigration laws and administrative regulations are second or third in complexity to the Internal Revenue Code. Petitioners seeking to legalize their presence are often forced to navigate this legal labyrinth alone, or with inadequate representation. In the vast majority of immigration cases before us, those who attempt to establish a productive life in this country fall prey to unscrupulous networks of notarios and appearance lawyers who constantly cheat immigrant clients and their families out of their hard-earned money. This state of affairs is a national disgrace, of which our government is well aware.

I hope and pray that soon the good men and women who run our government will craft a system that will assure that applicants like Petitioners are represented by competent counsel in every case, and that they will ameliorate the plight of families

like Petitioners' and give us humane laws that will not cause families to disintegrate.